**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WILLIAM F. CARADINE/ASSABUR,**
**ADC #90785**                                                                                           **PLAINTIFF**

**v.**                          **CASE NO. 5:11CV00205 BSM/JTR**

**CONRAD, Mailroom Supervisor,**
**Varner Unit, Arkansas Department of Correction**                        **DEFENDANT**

## ORDER

On August 8, 2011, plaintiff William F. Caradine/Assabur, incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction, filed a *pro se* section 1983 complaint and an application to proceed *in forma pauperis*. [Doc. No. 1, 2]. For the following reasons, the application to proceed *in forma pauperis* will be denied and the case is dismissed without prejudice.

### I. THREE STRIKES RULE

The Prison Litigation Reform Act (PLRA) contains a three strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Caradine/Assabur has previously filed at least four section 1983 actions that were dismissed for failing to state a claim upon which relief may be granted. *See*

*Caradine/Assabur v. St. Vincent Hosp.,* No. 4:11CV00027 JLH (dismissed on 2-7-11, affirmed on appeal 6-9-11); *Caradine/Assabur v. Univ. of Ark. for Med. Sci.,* No. 4:10CV001960 JLH (dismissed on 1-4-11, no appeal filed); *Caradine/Assabur v. Soc. Sec. Admin.,* No. 4:10CV001961 BRW (dismissed on 1-11-11, no appeal filed); *Caradine/Assabur v. Little Rock Police Dept.*, No. 4:10CV01962 SWW (dismissed on 1-12-11, no appeal filed). Thus, Caradine/Assabur accumulated three strikes prior to commencing this action on August 8, 2011.

## II. IMMINENT DANGER EXCEPTION

Nevertheless, Caradine/Assabur still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g). In *Ashley v. Dilworth*, the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." 147 F.3d 715, 717 (8th Cir. 1998). Furthermore, the Eighth Circuit has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to a risk of a truly serious physical injury. *Id.*

Caradine/Assabur alleges that, in December 2010, defendant mailroom supervisor Conrad stole $45,000 in cash that was sent to Caradine/Assabur by his grandmother. [Doc. No. 2]. Clearly, that allegation does not currently place Caradine/Assabur in imminent danger of serious physical injury. Accordingly, he is not entitled to proceed *in forma pauperis*.

Not supported

III. LOCAL RULE 5.5

Caradine/Assabur is notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

IV. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's application to proceed *in forma pauperis* [Doc. No. 1] is DENIED.

2. This case is DISMISSED WITHOUT PREJUDICE pursuant to the three strikes rule in 28 U.S.C. § 1915(g).

3. If Plaintiff wishes to continue this case, he must, within thirty (30) days of the entry of this order of dismissal: (a) pay the $350 filing fee in full, noting the above case style and number; and (b) file a motion to reopen the case.

4. It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order of dismissal and the accompanying judgment would not be taken in good faith.

Dated this 25th day of August 2011.

                                                           UNITED STATES DISTRICT JUDGE